*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOMMIE TELFAIR,

        Petitioner,

v.

DAVID E. ORTIZ,

        Respondent.

Civil Action No. 17-5065 (SDW)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. On July 11, 2017, Petitioner, Tommie Telfair, filed his purported habeas petition in this matter. (ECF No. 2).

2. On September 28, 2017, this Court dismissed that petition. (ECF Nos. 2-3). Petitioner appealed (ECF No. 6), and the Third Circuit dismissed that appeal in November 2017. (ECF No. 10).

3. In December 2019, Petitioner filed in the Third Circuit a petition seeking leave to file a second or successive § 2255 motion. (*See In re Tommie Telfair*, Third Circuit Docket No. 19-3944). Because of certain deficiencies in Petitioner's filing, the Third Circuit ordered him on December 20, 2019, to cure those deficiencies within twenty-one days. (Third Circuit Docket No. 19-3944 at Document No. 3113439848). On January 15, 2020, Petitioner filed his response to that order, and the Third Circuit deemed him to have complied with their order. (Third Circuit Docket No. 19-3944 Docket Sheet). On January 23, 2020, after having reviewed all of

Petitioner's filings, the Third Circuit denied Petitioner's request for authorization to file a second or successive § 2255 motion. (Third Circuit Docket No. 19-3944 at Document No. 6).

4. On or about January 31, 2020, Petitioner submitted to this Court a motion in which he purports to seek "urgent" injunctive relief. (ECF No. 11). In that motion, Petitioner essentially recounts how he received the Third Circuit's notice in *In re Tommie Telfair*[1] late – on December 30, 2019, specifically, was then transferred to a different wing of the prison in which he is housed over his objection, and how he believes this transfer interfered with his ability to pursue his "appeal" in the *In re Tommie Telfair* matter, and how he believes that he should therefore be entitled to injunctive relief in the form of an order directing his prison to undo the transfer, return to him his papers and other property which he previously abandoned during the transfer, and not "retaliate" against him by placing him in disciplinary proceedings. (*Id.*). Petitioner argues that his entitlement to relief arises out of his belief that his transfer denied him access to the courts or otherwise denied him substantive due process. Petitioner does not in any way connect this "urgent" request for injunctive relief to his underlying and long since dismissed habeas petition in this matter.

5. Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson – Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). In order to show that he is entitled to such relief, a petitioner must

---

[1] Petitioner does not clearly identify the *In re Tommie Telfair* matter in his filing, but the dates he includes in his discussion of his woes before the Third Circuit matches only one of his many appeals – the *In re Tommie Telfair* matter.

> demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *see also Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A [petitioner] must establish that all four factors favor preliminary relief. *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187 (3d Cir. 1990).

*Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012).

6. Petitioner has failed to show an entitlement to injunctive relief in this matter. As previously noted, this matter was dismissed in 2017, and Petitioner's appeal was also dismissed well over two years ago. Petitioner therefore cannot show that he has a likelihood of success on the merits in his underlying habeas claims, which have already failed. Petitioner has likewise failed to show that he would suffer any irreparable harm absent an injunction, or that an injunction would be in the interests of the public – he instead seeks to use the fact that he had a petition before the Third Circuit at the time of an intra-prison transfer to transfer a dispute over his prison assignment into a constitutional claim wholly divorced from the matter in which he has filed his motion. As Petitioner's underlying habeas petition has long since been dismissed, as Petitioner has not in any way shown how his current motion is related to his underlying habeas petition, and as Petitioner has failed to show an entitlement to injunctive relief in this matter, Petitioner's motion is denied. To the extent Petitioner wishes to pursue due process or denial of access to the courts claims, he must do so by filing a separate civil rights matter and paying the appropriate filing fee.

7. In conclusion, Petitioner's motion seeking "urgent" injunctive relief is denied. An appropriate order follows.

Dated: February 10, 2020

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge